UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LOREEN VITO,

                Plaintiff,

     v.

SJG OF ROCHESTER, INC., et al.,

                Defendants.
_____

DECISION & ORDER

02-CV-6343P

**PRELIMINARY STATEMENT**

By order dated January 14, 2005, the parties have consented to the disposition of this case by a magistrate judge pursuant to the provisions of 28 U.S.C. § 636(c). (Docket # 15). Plaintiff Loreen Vito initiated this action on June 27, 2002, against defendants SJG of Rochester, Inc. and 414 Ridge Road West, Inc., alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, and Article 15 of the New York State Human Rights Law, § 296. (Docket # 1). According to plaintiff, defendants "discriminated against [her] with respect to the terms, conditions, and privileges of her employment" because of her gender and subjected her to "a constant course of sexual harassment." (Docket # 1 at ¶ 30). Before the Court is the adequacy of plaintiff's response to an Order to Show Cause why the case should not be dismissed for failure to prosecute issued by the Clerk of the Court on November 18, 2005 under Rule 41.2 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York. (Docket # 21).

Although this case has been pending for over three and one-half years, the docket sheet reflects very little activity. Answers have been filed,[1] but discovery has not been completed. Indeed, the record is unclear as to whether any discovery at all has been conducted.

Significantly, the current Order to Show Cause is the third such order to have issued in the case. The first issued on March 7, 2003, nearly nine months after the Complaint was filed. (Docket # 4). Following review of an affidavit by plaintiff's counsel explaining that negotiations had been ongoing during that time regarding a possible dismissal of the action against one of the defendants (Docket # 5), the Court permitted the action to proceed. Approximately eighteen months later, another Order to Show Cause was issued. (Docket # 9). This time, plaintiff's counsel submitted an affidavit explaining that she was awaiting the assignment of a magistrate judge and the scheduling of a conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. (Docket # 10). The next day a referral order issued (Docket # 11), and a Rule 16 conference was held with this Court the following month, on January 13, 2005. (Docket # 14).

Following the Rule 16 conference, a Scheduling Order was issued by this Court on January 24, 2005, requiring that all factual discovery be completed by July 29, 2005. (Docket # 16). On July 6, 2005, a status conference was held with this Court (Docket # 17), at which time the parties advised the Court that little, if any, discovery had been conducted and requested

---

[1] On April 9, 2003, a clerk's entry of default was taken against defendant 414 Ridge Road West, Inc., pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. (Docket # 7). A few weeks later, on April 25, 2003, defendant 414 Ridge Road West filed an Answer. (Docket # 23). By letter dated April 4, 2006, counsel for the defendant has advised the Court of its intention to move to set aside the judgment.

a further extension of the discovery deadline, which was granted until September 30, 2005. (Docket # 18).

Two days before the court-ordered deadline for the completion of discovery, a further status conference was conducted. (Docket # 20). Counsel again advised the Court that little progress had been made because counsel did not know the whereabouts of his client. The Court advised counsel that an Order to Show Cause why the case should not be dismissed would be issued if counsel did not notify the Court within thirty days of the conference that he had located the plaintiff.

No submissions were made or correspondence received from plaintiff or her counsel over the next thirty days. Thus, as counsel had been advised, the subject Order to Show Cause was issued on November 18, 2005. An affidavit opposing dismissal was submitted by counsel for plaintiff on December 19, 2005, stating that counsel "has now been able to locate the plaintiff" and she is now "ready, willing and able to attend her deposition at a mutually agreeable time and date." (Docket # 22 at ¶ 11). No affidavit was submitted by the plaintiff herself, nor any explanation offered for her failure to advise the court or counsel of her whereabouts following the Rule 16 conference. (Docket # 22).

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> For failure of the plaintiff to prosecute or to comply with theses rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant. Unless the court in

> its order for dismissal otherwise specifies, a dismissal under this
> subdivision . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b). Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious dispositions of cases"); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.), *cert. denied*, 384 U.S. 1007 (1966).

Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of her lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "[p]rejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("The operative condition for a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)). Applying these standards, courts have frequently found dismissal of a complaint justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time. *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 WL 1354254, *2

(S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *Ahmed v. I.N.S.*, 911 F. Supp. 132, 134 (S.D.N.Y. 1996) (plaintiff's failure to respond to motion or to respond to discovery over course of thirty-five months since complaint was filed justifies dismissal of action); *West v. City of N.Y.*, 130 F.R.D. 522, 525 (S.D.N.Y. 1990) (plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) and other cases).

In the case at bar, it is uncontested that little discovery has been conducted and that plaintiff's whereabouts were unknown from at least September 30, 2005 until December 19, 2005 – a period of approximately three months. Plaintiff had apparently moved out of the area and had failed to provide the Court or counsel with a forwarding address. In response to the Order to Show Cause, plaintiff's counsel has represented that plaintiff is now prepared to continue this litigation. (Docket # 22).

Defendants assert that dismissal of the Complaint for failure to prosecute is warranted because plaintiff has violated the Court's scheduling order, which required that all discovery, including depositions, was to have been completed on or before September 30, 2005. (Docket # 18). Defendant's argument, however, does not justify the severe penalty of dismissal. *See Minnette v. Time Warner*, 997 F.2d at 1027 ("We have repeatedly emphasized that dismissal is a harsh remedy to be utilized only in extreme situations") (citations and quotations omitted). Although plaintiff was required to complete all discovery by September 30, 2005, she was not obligated to conduct any depositions if she did not desire to do so. (Docket # 18). Moreover, there is no evidence to suggest that plaintiff has failed to comply with any discovery demands

5

posed by the defendants. Indeed, plaintiff's counsel has affirmed that plaintiff "has responded to all outstanding discovery in this matter," an affirmation defendants have not contested. (Docket # 22 at ¶ 8). While defendants assert that plaintiff has not made herself available for a deposition, no deposition was ever noticed for which plaintiff failed to appear. Rather, by letter to plaintiff's counsel, counsel for defendant merely inquired as to plaintiff's potential availability for a deposition and did not receive a response. Thus, although plaintiff has caused a delay of this action due to her failure to remain in contact with the court and counsel, she has not violated any order.

On this record, I find that the question whether plaintiff has demonstrated cause why the matter should not be dismissed for lack of prosecution is a close one. Plaintiff clearly has not prosecuted her claim with the diligence expected by the Court. However, the record at this juncture does not demonstrate the level of prosecutive delinquency apparent in the above-cited cases finding dismissal appropriate.

Because the Court's scheduling order has expired, despite numerous extensions, plaintiff shall not be permitted to conduct any further discovery. *See* Fed. R. Civ. P. 26(b)(2) (discovery may be limited by the court if it determines that . . . "(ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought"); *see also* Fed. R. Civ. P. 16(b) (court's scheduling order "shall not be modified except upon showing of good cause"); *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) ("[a] finding of good cause [to extend scheduling order deadlines] depends on the diligence of the moving party").

Plaintiff shall, however, make herself available for deposition by defendants in Rochester, New York within thirty days of the date of this Order upon proper notice by defendants under Fed. R. Civ. P. 30(b).  In the event that plaintiff fails to comply with this Order, the Court shall consider the imposition of appropriate sanctions, including but not limited to dismissal of the action.

## **CONCLUSION**

For the foregoing reasons, this Court finds that plaintiff has demonstrated good cause why the matter should not be dismissed due to her failure to prosecute.  Upon proper notice under Fed. R. Civ. P. 30(b), plaintiff is ordered to make herself available for deposition in Rochester, New York within thirty days of this Order.

**IT IS SO ORDERED.**

                                  *s/Marian W. Payson*
                                  MARIAN W. PAYSON
                                  United States Magistrate Judge

Dated: Rochester, New York
       April   10  , 2006.